**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 00-60204
(Summary Calendar)
_____



JOHNATHAN O. FAGBEMI

Petitioner


versus


JANET RENO, UNITED STATES ATTORNEY GENERAL

Respondent



- - - - - - - - - -
On Petition for Review from
the Board of Immigration Appeals
(A29-856-892)
- - - - - - - - - -
December 6, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Petitioner Johnathan O. Fagbemi appeals the Board of Immigration

Appeals' ("BIA") denial of his motion to reopen its removal proceedings

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

to allow him to apply for withholding of removal under Article 3 of the Convention Against Torture. Fagbemi is a native and citizen of Nigeria who also claims to have a "right of abode" in the United Kingdom, where his father, mother, three brothers, and three sisters live. His wife (a United States citizen) and child reside in Providence, Rhode Island. Fagbemi was admitted to the United States as a lawful permanent resident in 1993. In 1995, he was convicted of credit card fraud, a crime of moral turpitude, in Harris County, Texas and sentenced to two years imprisonment; as a result, the Immigration and Naturalization Service ("INS") secured Fagbemi's deportation, ordering his removal to the United Kingdom, or, in the alternative to his native Nigeria.

The BIA denied Fagbemi's motion to reopen on the ground that he had failed to present a prima facie case that it is more likely than not that he will be tortured if he is returned to Nigeria.[1] Although Fagbemi did provide evidence that he had been subjected to an incident of torture at the hands of the Nigerian authorities, he did not adduce any convincing evidence that he would suffer such treatment again if returned to Nigeria.[2]

---

[1] Fagbemi has not explained why his exposure to the threat of torture in Nigeria is material here when the removal order called for him to be sent to the United Kingdom, where he claims to have a right of abode, and only in the alternative to Nigeria.

[2] During his hearing before the immigration judge, Fagbemi testified that, in 1989, police pulled him and other students off of a bus, at which point they were flogged and forced to spend the night in jail as punishment for student opposition to the political regime. The date of this alleged incident is unclear, however, because Fagbemi's testimony conflicts with his assertion in the motion to reopen, where he claimed that the alleged incident

We review the BIA's denial of a motion to reopen in a withholding of removal case under "a highly deferential abuse of discretion standard."[3]  After a careful review of the parties' briefs[4] and the record before us, we cannot say that the BIA abused its broad discretion in refusing to reopen its order of removal.  We therefore affirm the BIA's decision.

occurred in 1978 (when Fagbemi was 11 years old).

[3] Lara v. Trominski, 216 F.3d 487, 496 (5th Cir. 2000).

[4] Fagbemi proceeded pro se and thus we are bound to construe his claims liberally, not holding him to the high standard expected of lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).